# In the United States Court of Federal Claims

No. 22-1446
Filed: November 17, 2022

|  |  |
|---|---|
| THE EXCELLENT THE EXCELLENT RAJ K. PATEL, | ) ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) |
| THE UNITED STATES, | ) ) |
| Defendant. | ) ) ) |

**ORDER**

On November 5, 2021, this Court issued an order dismissing plaintiff's first complaint in *Patel v. United States*, No. 21-2004, *sua sponte*, for lack of subject-matter jurisdiction under Rule 12(h)(3) of the Rules of the Court of Federal Claims ("RCFC"). *See generally Patel v. United States*, No. 21-2004, ECF No. 10 (Order of Dismissal) and ECF No. 16 (Mandate of Court of Appeals for the Federal Circuit Affirming Dismissal). On August 12, 2022, this Court issued an order dismissing plaintiff's second complaint in *Patel v. United States*, No. 22-734, *sua sponte*, for lack of subject-matter jurisdiction under RCFC 12(h)(3). *See generally Patel v. United States*, No. 22-734, ECF No. 11 (Order of Dismissal).

On October 3, 2022, plaintiff, proceeding *pro se*, filed a third complaint with this Court, asserting the same underlying claims already dismissed in *Patel v. United States*, No. 21-2004, and *Patel v. United States*, No. 22-734, *i.e.*, that government actors breached contractual obligations and abridged his "privileges and/or immunities" by committing "battery/assault/ torture/genocide/civil rights violation/conspiracy through a psycho-bio-tech stress weapon." *Compare* Complaint, ECF No. 1. [hereinafter Compl.], *with* Complaint, No. 21-2004, ECF No. 1, *and* Complaint, No. 22-734, ECF No. 1. On November 15, 2022, the Court ordered plaintiff to show cause as to why this Court has jurisdiction over his claims. *See* Show Cause Order, ECF No. 11. On that same day, plaintiff filed a Motion for More Definite Statement. *See* Plaintiff's Motion for More Definite Statement, ECF No. 12. The Court construes this Motion as a response to the Court's Order to Show Cause, ECF No. 11.

Based on a review of plaintiff's previously dismissed cases in this Court, his current Complaint, and his corresponding response to the Court's Order to Show Cause, the Court determines that the most recent Complaint filed by plaintiff is factually frivolous. The allegations asserted in the Complaint are irrational and wholly incredible. *See, e.g., Spencer v. United States*, 98 Fed. Cl. 349, 356 (2011) (citing *Denton v. Hernandez*, 504 U.S. 25, 33 (1992)); *see also* Compl. at 1. Claims that are "factually frivolous," fall outside of this Court's

1

jurisdiction. *See Spencer,* 98 Fed. Cl. at 356, 358–59. Accordingly, plaintiff's Complaint is **DISMISSED**, *sua sponte*, pursuant to RCFC 12(h)(3). The Clerk of Court is hereby directed to take the necessary steps to dismiss this matter.

Additionally, it is **ORDERED** that the Clerk is directed to accept no further filings or complaints from Raj K. Patel without an order granting leave to file such filings from the Chief Judge of the United States Court of Federal Claims. In seeking leave to file any future documents, plaintiff must explain how the submission raises new matters properly before this Court. *See* R. Ct. Fed. Cl. 11(b)–(c) (barring the filing of unwarranted or frivolous claims that have no evidentiary support).

**IT IS SO ORDERED.**

s/ *Loren A. Smith*

Loren A. Smith,
Senior Judge